### PROUDFIT v. OLIVER.

Where in a security deed it was stipulated that a power of sale of the land conveyed could be exercised after advertising " once a week for four weeks prior to said date of sale," and advertisement of sale to be made on October 10 appeared in a newspaper issued on September 9, 16, 23, and 30, but no advertisement was published during the following week (that next preceding the date of sale), such ad-

vertisement did not conform to the power given in the deed, and the sale on October 10 did not divest the title of the grantor.

No. 1850. DECEMBER 15, 1920.

Complaint for land.    Before Judge Mathews.    Bibb superior court.    December 8, 1919.

*Miller & Garrett,* for plaintiff.

*Waller DeFore* and *James C. Estes,* for defendant.

FISH, C. J.    A power of sale contained in a conveyance of land, executed on March 3, 1915, to secure the payment of a debt, stipulated that the grantee should be authorized, upon the happening of a certain contingency, to sell the land at public outcry before the court-house door of the county wherein the land was situated, to the highest bidder for cash, " after advertising the time, place, and terms of sale in any newspaper published in said county,  .   . once a week for four weeks prior to said date of sale." After the happening of the contingency the grantee had the land advertised in the designated newspaper, to be sold on October 10, 1916, the notice of the sale being published in the issues of the paper on September 9, 16, 23, and 30, 1916.    The sale was made on October 10, 1916, and a deed was executed to the highest bidder.

The sale was not advertised in conformity to the power in the security deed, and therefore did not divest the title of the grantor to the land.    The provision in the power of sale " as to notice, advertisement, etc., should be held to have the same meaning as it has in the acts relating to judicial sales which were in force at the time of the execution of the instrument containing the power." *Carter* v. *Copeland,* 147 *Ga.* 417 (94 S. E. 225).    The Civil Code (1910), § 6063, declares, that, where notices or advertisements by certain named officials, trustees, and others are required to be published in a newspaper for thirty days, or for four weeks, or " once a week for four weeks, it shall be sufficient and legal to publish the same once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the term or day when the order is to be granted, or the sale is to take place; and the number of days between the date of the first publication and the term or day when the order is to be granted or the sale to take place, whether more or less than thirty days, shall not in any manner invalidate or render irregular the said notice, citation, advertisement, or order or sale." In the case at bar the power in the security deed authorized the

sale to be made after advertising the same "once a week for four weeks prior to said date of sale." The advertisement was published during four consecutive calendar weeks prior to the sale, but there was not "one insertion [of the advertisement] each week for each of the four weeks immediately preceding the . . day when . . the sale [was] to take place," as the code section cited requires. The last advertisement was published September 30, and the sale was not had until October 10 thereafter; so that there was no advertisement published during the week immediately preceding the sale.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*