SMITH *v.* ASSOCIATED MORTGAGE COMPANIES INC.

No. 12200. MAY 11, 1938.

122

*Robert Lee Avary Jr.,* and *Arnold, Gambrell & Arnold,* for plaintiff.

*Hirsch & Smith, Welborn B. Cody,* and *Edward L. Cody,* for defendant.

ATKINSON, Presiding Justice. On November 12, 1930, a borrower executed a deed to secure a loan of $20,000, evidenced by a promissory note of that date and payable five years thereafter. The deed conveyed as security two parcels of realty, one located in Fulton County and the other in DeKalb County. The deed contained the following power of sale: "and the party of the first part further covenants and agrees that in case the debt hereby secured shall not be paid when it becomes due by maturity in due course, or by reason of a default as above provided, the party of the second part, or assigns, may enter upon said premises and collect the rents and profits thereof, and may sell the said property at auction at the usual place for conducting sales at the court-house in the county where the land lies, in said State, to the highest bidder for cash, first giving four weeks notice of the time, terms, and place of such sale, by advertisement once a week in a newspaper published in said county, all other notice being hereby waived by said party of the first part (and said second party or any person on behalf of said second party, or assigns, may bid and purchase at such sale), and thereupon execute and deliver to the purchaser at such sale a sufficient conveyance of said premises in fee simple, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said party of the first part hereby constitutes and appoints the said party of the second part and assigns, the agent and attorney in fact of said first party to make such recitals, and hereby covenants and agrees that the recitals so to be made by the party of the second part, or assigns, shall be binding and conclusive upon said first party, and the heirs, executors, administrators, and assigns of said first party, and that the conveyance to be made by the party of the second part, or assigns, shall be effectual to bar all equity of redemption of the party of the first part, or the successors in interest of said first party, in and to said premises; and the party of the second part or assigns shall collect the profits of such sale, and after reserving therefrom the entire amount of principal and interest due, together with the amount of any taxes, as-

sessments, and premiums of insurance theretofore paid by said party of the second part, or assigns, with 8% per annum thereon from date of payment, together with all costs and expenses of sale, and 10% per centum of the aggregate amount due for attorney's fees, shall pay any overplus to the party of the first part, or to the heirs or assigns of said first party."

The note and deed were assigned by the lender, and afterwards by the assignee. The last assignee, in exercise of the power of sale, caused the parcels of realty to be sold separately at public outcry on June 4, 1935, and became the purchaser of both. The borrower brought suit against the purchaser, to set aside the sale and cancel the deed as cloud upon her title, and for damages on account of trespass in taking possession of the land. The alleged grounds of relief were: (1) The loan was not in default, and would not become due until the 12th of November, 1935. (2) The advertisements for sale of the Fulton County realty occurred on May 11, 18, 25, and on June 1st, and the advertisements for sale of the DeKalb County realty occurred May 9, 16, 23, and 30, and "none of said advertisements gave as much as twenty-eight days' notice. . . The said sale was not advertised for a period of four weeks, as required by said power of sale." (3) The deeds were void for the reasons set forth in (1) and (2) supra, and "also the recital in each deed is to the effect that the property 'was advertised once a week for four weeks immediately preceding the sale, and it is not recited in either deed that prior to the sale four weeks' notice of the time, terms, and place of sale' was given as required in the power of sale in the original security deed from plaintiff to the Security Mortgage Company." On motion in the nature of a general demurrer, the judge dismissed the action, and the plaintiff excepted.

1. In the brief of the attorneys for the plaintiff the question relating only to the second ground of relief was insisted upon. Consequently the other questions will be treated as abandoned, and no ruling made upon them. The question for decision is proper exercise of the power of sale embodied in the security deed. This depends on proper construction of that power; so at last construction is the controlling question in the case. The power to sell involved is after "first giving four weeks notice of the time, terms, and place of such sale, by advertisement once a week in a news-

paper published in said county." This, of course, is a contractual power as distinguished from a judicial or other sale under authority provided by statute. It is declared in the Code, § 37-607: "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale shall be that pointed out for public sales." This requires strict construction, and will be so applied. Other sections of the Code provide: "The sheriffs and coroners shall publish weekly, for four weeks, in some newspaper published in their counties respectively—and if there be no such paper published in the county, then in the nearest newspaper having the largest or a general circulation in such county,—notice of all sales of land and other property executed by him." § 39-1101. Also: "In all cases where the law requires citations, notices, or advertisements by ordinaries, clerks, sheriffs, county bailiffs, administrators, executors, guardians, trustees, or others to be published in a newspaper for 30 days, or for four weeks, or once a week for four weeks, it shall be sufficient and legal to publish the same once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the term or day when the order is to be granted, or the sale is to take place; and the number of days between the date of the first publication and the term or day when the order is to be granted or the sale to take place, whether more or less than 30 days, shall not in any manner invalidate or render irregular the said notice, citation, advertisement, order or sale." § 39-1102.

Referring to the law embodied in these two sections (bearing other numbers in the Code of 1895, in vogue at the time of the decision), it was held in *Bird* v. *Burgsteiner,* 100 *Ga.* 486 (28 S. E. 219) : "An advertisement of sale of land by a sheriff, which is made once in each calendar week for four weeks, is, since the act of 1891 (Acts 1890-91, vol. 1, p. 241), rendering legal certain notices, etc., good as to time, without reference to the number of days which may elapse between the day of the first insertion and the day of sale." In the opinion it was said: "Formerly thirty days advertisement was required; and later advertisements of such sales made once a week for four weeks met the requirements of the statute. But by an act approved October 21st, 1891 (Acts 1890-91,

p. 241), which is a very general and comprehensive enactment on the subject, previous laws were changed. . . In the case of *Boyd* v. *McFarlin,* 58 *Ga.* 208, this court, in construing section 3647 of the Code of 1873 (Civil Code, § 5457), which required notice of sheriff's sales of land to be published weekly for four weeks, held, that the statute was not met by publication for a shorter period of time than twenty-eight days; in other words, that when the statute fixed the period at once a week for four weeks, it meant to use the term 'week' as a period of time consisting of seven days; and that when there should be a publication weekly for four weeks, it meant once in each seven days, so as to give notice of such sale for twenty-eight days before the sale should take place. This was the law, as construed, at the time the act of 1891 was passed; and that act was intended to change existing law, so that if a notice of such sale should be made once a week for four weeks, such advertisement would be sufficient, without reference to the number of days which might so elapse. In ascertaining the legislative intent as expressed by the act, we are bound to conclude also that the week of seven days was not intended to be taken as the period in which one publication only of the notice must necessarily be made, because such was the statute as interpreted by the court at the time of the passage of the act; hence the act, in referring to the publication to be made once a week for four weeks, means a calendar week, and if notice shall be made on any day of a calendar week, that shall be counted as a publication for that week; and this construction would allow a notice to be made on a day within the week when the sale is to take place, because the act expressly excludes computation of days. . . In this case the advertisement of the sale of the land by the sheriff was made first on January 10th, the second notice would appear on January 17th, the third on January 24th, and the fourth on January 31st, while the sale would take place on the 4th day of February—just 26 days after the advertisement first appeared. Nevertheless, as, under the act of 1891, the days which elapse between the two periods are not to be computed, and the advertisement would appear once in each of the four calendar weeks, we are constrained to hold that such advertisement meets the requirements of that act."

The foregoing was cited and held controlling in *Carter* v. *Cope-*

*land,* 147 *Ga.* 417 (94 S. E. 225), involving a contractual power of sale contained in a mortgage, where the power was to "take possession" of the land described in the mortgage, "and, after advertising it" in a designated newspaper "once a week for four weeks, to sell the same," etc. It was there ruled that the power of sale was complied with "where the advertisement of sale was published in the designated paper once a week for four weeks immediately preceding the day when the sale took place, although the number of days between the date of the first publication and the day when the sale took place was less than twenty-eight days." In the opinion it was said: "The power of sale in the mortgage, the construction of which is involved in this case, was executed subsequently to the act of 1891, already referred to; and we think it should be construed in the light of the provisions of that act as embodied in section 6063 of the Code of 1910 [5458 of the Code of 1895]. Decisions based upon the law as it stood prior to the act of 1891, and relating to advertisements and notices of sale to be published, are not controlling upon the point immediately in issue here. . . And while this was not a judicial sale or a sheriff's sale, we think the provision in the power of sale as to notice, advertisement, etc., should be held to have the same meaning as it has in the acts relating to judicial sales which were in force at the time of the execution of the instrument containing the power." It must be noted that the contractual power there dealt with was not in the exact language of that now involved, but both contained the expression "four weeks," and "once a week," and that in the case cited it was the opinion of this court that "the power of sale as to notice, advertisement, etc., should be held to have the same meaning as it has in the acts relating to judicial sales which were in force at the time of the execution of the instrument containing the power." This principle was recognized in *Proudfit* v. *Oliver,* 150 *Ga.* 707 (105 S. E. 241); but it was held that the advertisement was insufficient, because there was no publication in the calendar week immediately preceding the sale. On this point it was said in the opinion: "In the case at bar the power in the security deed authorized the sale to be made after advertising the same 'once a week for four weeks prior to said date of sale.' The advertisement was published during four consecutive calendar weeks prior to the sale, but there was not 'one

insertion [of the advertisement] each week for each of the four weeks immediately preceding the . . day when . . the sale [was] to take place,' as the code section cited requires. The last advertisement was published September 30, and the sale was not had until October 10 thereafter; so that there was no advertisement published during the week immediately preceding the sale." See *Conley* v. *Redwine,* 109 *Ga.* 640 (35 S. E. 92, 77 Am. St. R. 398).

The same principle was adverted to in *Bush* v. *Growers Finance Corporation,* 176 *Ga.* 99 (167 S. E. 105). The principle was stated and applied by the majority in *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (152 S. E. 85), where the power involved was in the identical language of the power now involved. In that case Mr. Justice Hines dissented, with whom the writer concurred; but on further consideration it seems that the majority view, without resort to the transposition of words as noted in the opinion, was supported by the statutes and decisions hereinabove cited. Applying to the instant case the statutes and the foregoing decisions, the word *weeks* as used in the power of attorney should be construed as calendar weeks. The power of sale by "first giving four weeks notice," etc., did not stop there, but went on and directed that the notice should be given "by advertisement once a week," thus using language which, under the statutes as construed and applied by this court, meant *calendar weeks*—not a period of time measured in days. The notice of sale was given by publication, once a week in each calendar week for four successive calendar weeks immediately preceding the calendar week in which the sale was advertised to take place. Under strict construction of the power of sale, this was sufficient as to time of advertisement, although twenty-eight days did not elapse between the date of first publication and the date of sale. No reference has been made to section 2 of the act of 1935 (Ga. L. 1935, p. 381), relating to advertisements of foreclosure sales of realty under power contained in mortgages, etc., because the instrument in question was executed before passage of that act.

The court did not err in dismissing the action on oral motion in the nature of a general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*