BRACEWELL *et al.* v. WARNOCK, Mayor, *et al.*

No. 17580. ARGUED SEPTEMBER 11, 1951—DECIDED OCTOBER 9, 1951.

*R. I. Stephens* and *E. L. Stephens,* for plaintiffs.
*W. W. Larsen, Harold Ward* and *E. L. Rowland,* for defendants.

ALMAND, Justice. At the 1951 session of the General Assembly, a local bill was introduced, having for its purpose the incorporation of the Town of East Dublin. The bill was introduced on February 7, 1951, and after passage by the General Assembly was approved by the Governor on February 21, 1951. Ga. L. 1951, p. 2921. Attached to the enrolled act was an affidavit of the authors of the bill, dated February 6, 1951, that notice of their intention to introduce the bill in question, dated January 17, 1951, was published in the Dublin Courier Herald, a publication which the Sheriff of Laurens County used for his official advertisements, on January 27, February 3, and February 5, 1951. Pursuant to the provisions of this act creating the Town of East Dublin, there was held an election, in which a majority of the voters in the area affected voted to incorporate, and a second election, in which a mayor and members of council were chosen for the Town of East Dublin.

N. G. Bracewell and others, alleging themselves to be citizens of, owners of real and personal property and doing business within, the territorial limits of the Town of East Dublin, brought their equitable petition against the individuals constituting the mayor and council, wherein they alleged that the act creating the Town of East Dublin was unconstitutional and void, in that said act was not introduced in conformity with the mandatory provisions of art. 3, sec. 7, par. 15 of the Constitution of 1945 (Code, Ann., § 2-1915), in that the enrolled act shows on its face that notice of intention to introduce the local bill was not published "once a week for three weeks during a period of sixty days immediately preceding its introduction into the General Assembly." The prayers were that the defendants, in the capacities of mayor and aldermen, be restrained and enjoined from attempting to carry out the powers granted to them by the charter, and that the purported charter creating the Town of East Dublin be vacated and said act of 1951 be declared void and unconstitutional.

On the hearing for interlocutory injunction, in addition to the facts set out above, several of the defendants testified that though they, the mayor and council, had not actually levied or attempted to levy any ad valorem taxes, or assessed any

occupation taxes, it was their purpose to carry out and enforce the provisions of the charter and to exercise the powers and duties included in the charter.

The trial judge denied the prayers of the plaintiff, and the case is here on exceptions to that order.

■ Under the act purporting to incorporate the Town of East Dublin (Ga. L. 1951, p. 2921), the mayor and council were authorized to borrow money, issue bonds and other evidences of debt for public purposes, to assess and collect ad valorem taxes on all property within the town limits, and to tax or license all kinds of businesses, trades, or professions. The undisputed evidence showing that the petitioners are citizens and taxpayers within the limits of the Town of East Dublin, and own property and carry on businesses therein, and that it is the purpose of the defendants, as the elected officials of the town, to carry out the powers conferred upon them by the charter, the petitioners were entitled to challenge the constitutionality of the charter under which the defendant officials proposed to exercise the authority granted them. *Mayor &c. of Americus* v. *Perry,* 114 *Ga.* 871 (6) (40 S. E. 1004, 57 L. R. A. 230); *Gregory* v. *Quarles,* 172 *Ga.* 45 (2) (157 S. E. 306); *National Linen Service Corp.* v. *City of Albany,* 177 *Ga.* 81 (169 S. E. 894); *Holcombe* v. *Georgia Milk Producers Confederation,* 188 *Ga.* 358 (1) (3 S. E. 2d, 705); *City of Valdosta* v. *Singleton,* 197 *Ga.* 194 (2) (28 S. E. 2d, 759); *Smith* v. *McMichael,* 203 *Ga.* 74 (1) (45 S. E. 2d, 431).

■ Art. 3, sec. 7, par. 15 of the Constitution of 1945 (Code, Ann., § 2-1915), provides that no local bill shall be introduced in the General Assembly unless notice of intention to apply therefor shall have been published, in the newspaper in which sheriff's advertisements for the locality affected are published, once a week for three weeks during the period of sixty days immediately preceding its introduction. Under this provision, where the enrolled act has incorporated therein the required proof of notice and advertisement, properly signed by the Secretary of State, it will import absolute verity as to its contents. Conversely, when the enrolled act fails to show the required publishing of notice, the act upon its face is invalid. *Smith* v. *McMichael,* supra (4a).

The main question before us is, what is the requirement as to publication under the constitutional provision as to publishing notice "once a week for three weeks during a period of sixty days immediately preceding its introduction?" Code § 39-1102 provides that, in all cases where the law requires notice to be published in newspapers once a week for four weeks, "it shall be sufficient and legal to publish the same once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the term or day when the order is to be granted, or the sale is to take place; and the number of days between the date of the first publication and the term or day when the order is to be granted or the sale to take place, whether more or less than 30 days, shall not in any manner invalidate or render irregular" the order or sale. This section has been construed as to publication of notices of sheriffs' sales, advertisement of sales under power, and notices of elections. *Conley v. Redwine,* 109 *Ga.* 640 (1) (35 S. E. 92, 77 Am. St. R. 398); *Proudfit v. Oliver,* 150 *Ga.* 707 (1) (105 S. E. 241); *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (1) (152 S. E. 85); *Whittle v. Whitley,* 202 *Ga.* 633 (2) (44 S. E. 2d, 241). These decisions construe the requirements of Code § 39-1102 as to publication of notice for four weeks to mean that each publication must be in a separate week, and the last publication must precede in point of time the week embracing the day on which the act stated in the notice is to be done. We hold that the provision of the Constitution as to publication of notice must be published at least once a week during three separate weeks, and that the first publication must not be more than 60 days prior to the introduction of the bill, and that a local bill cannot be introduced during the week embraced in the third publication. In the instant case, the first publication was on Saturday, January 27, the second on Saturday, February 3, and the third on Monday, February 5. The bill was introduced on February 7. Under the Constitution, the bill could not have been legally introduced before February 12.

■ The defendants were elected to their respective offices on May 24, 1951, and the petition challenging the purported act was filed on June 2, 1951. There is no allegation in the petition which shows that any private rights or public interests will be

disturbed if the act purporting to incorporate the town is declared invalid. The doctrine of argumentum ab inconvenienti has no application in this case. *Smith* v. *City Council of Augusta*, 203 *Ga.* 511 (3) (47 S. E. 2d, 582).

■ The act purporting to incorporate the Town of East Dublin (Ga. L. 1951, p. 2921), not having been passed according to the requirements of the Constitution, is invalid; and it was error for the trial judge to refuse the petitioners' prayer for an interlocutory injunction to restrain the defendants from carrying out the provisions of the charter.

*Judgment reversed. All the Justices concur.*