26767.   DeKALB COUNTY et al. v.
CARRIAGE WOODS CIVIC ASSOCIATION, INC. et al.
26829.   CARRIAGE HILL, INC. et al. v.
CARRIAGE WOODS CIVIC ASSOCIATION, INC. et al.

ARGUED OCTOBER 13, 1971—DECIDED NOVEMBER 18, 1971.

*George P. Dillard, Herbert O. Edwards, Robert E. Moseley*, for appellants in case 26767.

*Harris, Rolader & Simmons, Robert B. Harris, James C. Simmons, Jr., Nancy Pat Phillips, Sidney F. Davis*, for appellees.

*Robert B. Harris, Harris, Rolader & Simmons*, for appellants in case 26829.

*George P. Dillard, Sidney F. Davis*, for appellees.

PER CURIAM. These appeals involve the question of the validity of a notice given for the adoption of a zoning ordinance to permit development of a cluster housing subdivision.

Litigation challenging the notice began when Carriage Woods Civic Association, Inc., and Frederick L. Barber filed suit in the Superior Court of DeKalb County against that county, its chairman and members of the board of commissioners of roads and revenues, and other county officials (hereinafter referred to as "the county defendants") and against Carriage Hill, Inc., and Herbert Manuel (hereinafter referred to as "the developer defendants.")

The complaint, insofar as necessary to recite here, made in essence the allegations which follow. The plaintiff association is a non-profit corporation and the plaintiff Barber resides in an unincorporated area known as "Carriage Hill."

The defendant Carriage Hill, Inc., is the owner of a described tract of land in that area. It and the defendant Manuel are the developers of a proposed subdivision on that tract.

The defendant Board of Commissioners in 1970 adopted a

zoning ordinance allowing development of cluster housing subdivisions in areas zoned R-100.

This 1970 zoning ordinance is void because of invalid public notice in its enactment. As to this, the 1956 DeKalb County Planning Commission Act (Ga L. 1956, pp. 3332, 3340) requires that "Before enacting the zoning ordinance or resolution the governing authority of the county or municipality shall hold a public hearing thereon, *at least three weeks' notice* of the time and place of which shall be published in the newspaper wherein the Sheriff's advertisements of DeKalb County are published." (Emphasis supplied). The board of commissioners held a public hearing on July 7, 1970, to consider the proposed zoning ordinance. Notice of the time and place of such hearing provided only 18 days.

The developer defendants have submitted a preliminary plan for the subdivision on the tract with 60-foot frontages, and the county planning and zoning department has approved this plan and authorized the developer defendants to begin clearing and grading. The subdivision thus being developed violates the existing zoning ordinances of DeKalb County. The developer defendants did not acquire additional rights by virtue of the invalid 1970 zoning ordinance.

The prayers of the complaint are: that the county defendants be temporarily restrained and permanently enjoined from issuing a permit for cluster houses to the developer defendants, or any other person, for cluster housing on the tract; that the developer defendants be temporarily restrained and permanently enjoined from such further construction and development on the tract; and that the court declare the 1970 zoning ordinance to be invalid; and for general relief.

To the foregoing complaint the county defendants asserted that it fails to state a claim against them upon which relief can be granted, does not state a claim in equity, and should be dismissed. They also responded to the factual allegations, including denying that the 1970 DeKalb County zoning ordinance is invalid.

To this complaint the developer defendants also averred that it fails to state a claim upon which relief can be grant-

ed, and responded to the factual allegations, including denying that such ordinance is invalid. They urged that upon the adoption of the 1966 Home Rule for Counties Amendment to the Georgia Constitution (*Code Ann.* § 2-8402 et seq.) the 1956 DeKalb County Planning Commission Act (Ga. L. 1956, p. 3332), supra, became no longer applicable to the adoption of the 1970 DeKalb County Zoning Ordinance in question. They also filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. In addition, they moved for summary judgment. Thereafter, the defendant Carriage Hill amended its answer asserting that in reliance upon the validity of the 1970 DeKalb County Zoning Ordinance it had made certain expenditures and thus had acquired vested property rights.

Subsequently the trial court entered an order essentially as follows: that the motions of the developer defendants and the motion of the county defendant to dismiss were denied. This and other orders were certified for immediate review, including the denial of the motion for summary judgment made by the developer defendant and the motions to dismiss made by the county defendants.

Thereafter, the plaintiffs amended their complaint, alleging that the notice and public hearing requirements of the 1956 DeKalb County Planning Commission Act, supra, are binding upon the county as part of its official code; and that enactment without such written standards would be unconstitutional in stated particulars. Following this amendment, the defendant DeKalb County renewed its motion to dismiss the complaint as amended.

Thereupon, the trial court entered an order granting an interlocutory injunction to the plaintiffs.

It also made findings of fact and conclusions of law, which, in our view, are not necessary to recite in detail. Basically, they found the ordinance void and enjoined all of the appellants.

In Case Number 26767 the county defendants appeal from the denial of their motions to dismiss the complaint; the grant of the interlocutory injunction; the finding that

the 1970 DeKalb County Zoning Ordinance was void; the finding that the repealer provision of said ordinance was void; and the denying of these defendants' motion to dismiss the complaint as amended.

In Case Number 26829 the developer defendants appeal from the denial of their motions to dismiss the complaint; the denial of their motion for summary judgment; and the grant of the interlocutory injunction.

No useful purpose would be served in setting forth the entire enumerations of error filed by both groups of appellants.

In our analysis of the issues presented by this record, the outcome of both of these appeals turns upon the question of whether or not the notice given of the public hearing was valid.

The appellants urge that DeKalb County was no longer required to give "at least three weeks notice of the time and place" of the hearing, as set forth in Sections 9 and 10 of the 1956 DeKalb County Planning Commission Act (Ga. L. 1956, pp. 3332, 3340), supra.

On the other hand the appellees insist that this notice was required by the prior zoning ordinance, which was enacted in 1967 pursuant to the county's newly acquired home rule powers and is contained as Appendix II of the official 1964 Code of DeKalb County.

However, it is not necessary to decide that issue.

Our conclusion is that, even assuming that this notice was required, it was given in this instance.

The General Assembly has enacted a provision which clarifies the situation here.

*Code* § 39-1102 (Ga. L. 1890-1, p. 241; 1876, p. 99) provides as follows: "In all cases where the law requires citations, notices, or advertisements by ordinaries, clerks, sheriffs, county bailiffs, administrators, executors, guardians, trustees, or others to be published in a newspaper for 30 days, or for four weeks, or once a week for four weeks it shall be sufficient and legal to publish the same once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the term or

day when the order is to be granted, or the sale is to take place; and the number of days between the date of the first publication and the term or day when the order is to be granted or the sale to take place, whether more or less than 30 days, shall not in any manner invalidate or render irregular the said notice, citation, advertisement, order or sale."

As previously stated, the notice of the time and place published in the named newspaper provided only 18 days notice thereof. Publications were on June 18, June 25 and July 2, the hearing was held on July 7, and the 1970 ordinance was adopted July 26.

We conclude that the notice provision here was fully complied with by the three weekly publications, as set forth in *Code* § 39-1102, supra.

In nine decisions by this court since the passage of the Act of 1891 (*Code* § 39-1102), this court has held that a "week" in required notices such as in this case is a *calendar* week and not a period of seven days.

Therefore, when DeKalb County published notices of this zoning hearing in each of the three weeks immediately preceding the week of the hearing, it complied with the requirement for publication. *Bird v. Burgsteiner,* 100 Ga. 486 (29 SE 219); *Conley v. Redwine,* 109 Ga. 640, 643 (35 SE 92, 77 ASR 398); *Carter v. Copeland,* 147 Ga. 417 (94 SE 225); *Haynes v. Arnold,* 154 Ga. 377 (4) (114 SE 360); *Plainville Brick Co. v. Williams,* 170 Ga. 75 (1) (152 SE 85); *Bush v. Growers Finance Corp.,* 176 Ga. 99 (2) (167 SE 105); *Smith v. Associated Mortgage Co.,* 186 Ga. 121 (197 SE 222); *Heist v. Dunlap & Co.,* 193 Ga. 462 (1, 2) (18 SE2d 837); and *Bracewell v. Warnock,* 208 Ga. 388 (2) (67 SE2d 114). The case of *Verner v. McLarty,* 213 Ga. 472, 476 (99 SE2d 890) is in conflict with earlier unanimous decisions and is not controlling on this court.

The decisions relied upon by the appellees involve a specified number of days and have no application here.

This statute, with the construction placed thereon, is decisive of the issues presented here.

It was therefore error for the trial court to deny the mo-

tions of the county defendants and the developer defendants to dismiss the complaint.

This rendered nugatory the other rulings claimed to be erroneous.

*Judgments reversed. All the Justices concur, except Grice, J., who dissents.*

GRICE, Justice, dissenting. I respectfully dissent because I do not believe that *Code* § 39-1102 applies here.

First, the phrase "or others" which follows "citations, notices, or advertisements by ordinaries, clerks, sheriffs, county bailiffs, administrators, executors, guardians, trustees" could not conceivably have been intended to include notice of public hearing for a proposed county zoning ordinance because when this statute was enacted in 1891 there was no zoning in this State. On the contrary, this Act sought to clarify requirements as to publications for *four* weeks of citations, notices and advertisements by such persons.

Second, in applying the rule of ejusdem generis the term "and others" used in this statute means others of the same class.

This limited application is made plain in *Davis v. Dougherty County,* 116 Ga. 491, 493 (42 SE 764) (one Justice absent). There this court stated: "The act of 1891 [*Code* § 39-1102] relates to citations, notices, and advertisements by certain public officers and certain representatives of estates; the enumeration of such officers and representatives being followed by the words 'or others.' Applying the doctrine of ejusdem generis in the construction of the words just quoted, the officers charged with levying taxes, contracting debts, etc., for counties and municipalities, are not of the same class as any of the officers enumerated in the Act, and consequently would not be embraced within the general descriptive word 'others.' . . . In addition to this, the Act of 1891 does not apply in any case except where a notice is to be given of a sale or of an order, which, from the class of officers enumerated and the use of the word 'term,' necessarily means an order passed by some court or judicial officer."

Third, this statute does not apply here for the additional reason that it contemplates notice provisions pursuant to *general* laws. However, the notice here related to a local ordinance affecting only DeKalb County. In the former, the law in reference to notice is merely directory; whereas in the latter, notice provisions must be strictly complied with. See as to this distinction, *Montford v. Allen,* 111 Ga. 18, 20 (36 SE 305) (one Justice absent). See also *Bracewell v. Warnock,* 208 Ga. 388 (2) (67 SE2d 114), where this court applied this statute to a state-wide constitutional provision requiring specified notice before an Act can be introduced in the General Assembly, but found non-compliance with that provision.

Significantly, all of the cases cited by the majority except *Verner v. McLarty,* 213 Ga. 472, 476 (99 SE2d 890), involve advertising requirements of "weekly for four weeks," "once a week for four weeks," "giving four weeks' notice . . . by advertisement once a week . . .," or words to that effect; and for that reason hold there was compliance with the statute now codified as *Code* § 39-1102.

It is significant that the *Verner* case, 213 Ga. 472, supra, dealt with the requirement, "after first giving four weeks' notice of the time, place and terms of the sale . . ." There, the opinion pointed out that "the power of sale did *not* provide for four weeks' notice 'by advertisement once a week' for four weeks, so as to bring the authority granted within the rules applicable to judicial sales under *Code* § 39-1102 . . ." (Emphasis supplied). It therefore held the notice invalid.

In the case at bar it should be emphasized that the requirement in issue was merely "at least three weeks' notice" like that in the *Verner* case, supra. As to the effect of such different notice requirements, see *Plainville Brick Co. v. Williams,* 170 Ga. 75, 80 (152 SE 85).

However, I must add that if *Code* § 39-1102 *is* applicable here, it appears that this court previously overlooked the words of the statute "or for four weeks"; and that the holding in *Verner* and the statement in *Plainville Brick Co.* are

therefore erroneous.

For the foregoing reasons, I deem *Code* § 39-1102 not applicable in the instant situation.