**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 18, 2025

# In the Court of Appeals of Georgia

A25A0484. HUGHES v. GWINNETT COUNTY et al.

McFADDEN, Presiding Judge.

Stephen Hughes appeals from a dismissal order finding that he lacked standing to challenge the constitutionality of a bill passed by the General Assembly and that he had failed to allege a justiciable controversy under the Declaratory Judgment Act. Because Hughes alleged no individualized injury and because Hughes seeks to challenge the constitutionality of state legislative action, rather than the actions of a local government, the trial court correctly found that he lacked standing. The court also correctly found that Hughes had failed to allege a justiciable controversy required for declaratory judgment action. So we affirm the dismissal order.

1. *Facts and procedural posture*

The General Assembly passed Senate Bill 333 ("SB 333"), providing for the creation of the city of Mulberry in unincorporated Gwinnett County. The bill was signed the into law by the governor. Qualified voters approved the creation of the city via referendum.

Hughes, who resides within the city limits of Mulberry and is a citizen, resident, and taxpayer of Gwinnett County, filed a complaint against the county, alleging that SB 333 is unconstitutional. Hughes sought a declaratory judgment that SB 333 is unconstitutional and injunctive relief prohibiting Gwinnett County from taking various actions related to the SB 333 transition for the city. Robert Coker, who also resides within the Mulberry city limits, and Citizens for Mulberry, Inc., intervened in the case.

Hughes and the intervenors filed opposing motions for summary judgment. The intervenors asserted, among other things, that Hughes lacked standing to challenge the constitutionality of SB 333 because he had not alleged an individualized injury. Hughes countered that he had standing as a community stakeholder and thus did not need an individualized injury to challenge the constitutionality of the senate bill.

Gwinnett County also moved for summary judgment, agreeing with Hughes that SB 333 is unconstitutional.[1]

The trial court denied summary judgment to Hughes and the county, but granted the intervenors' motion and dismissed the case. The court found that Hughes lacked standing because he had not shown an individualized injury needed to challenge the constitutionality of SB 333 and that he had failed to state a justiciable controversy under the Declaratory Judgment Act. This appeal followed.

2. *Standing*

Hughes asserts that the trial court erred in finding that he did not allege an individualized injury and so lacked standing to challenge the constitutionality of SB 333 as a community stakeholder in Gwinnett County. The trial court did not err.

"Standing is a jurisdictional prerequisite necessary to invoke a court's judicial power under the Georgia Constitution. See Ga. Const. of 1983, Art. VI, Sec. I, Par. I[.]" *Cobb County v. Floam*, 319 Ga. 89, 91 (1) (901 SE2d 512) (2024). "[P]laintiffs with a cognizable injury can bring a suit in Georgia courts. Unlike federal law, however, that injury need not always be individualized; sometimes it can be a

---

[1]The Attorney General of Georgia filed an amici curiae brief in the trial court, arguing that SB 333 is constitutional.

generalized grievance shared by community members, especially other residents, taxpayers, voters, or citizens." *Sons of Confederate Veterans v. Henry County Bd. of Commrs.*, 315 Ga. 39 (880 SE2d 168) (2022). For such community stakeholders, "membership in the community provides the necessary standing to bring a cause of action to ensure a *local government* follows the law." Id. at 61 (2) (c) (iii) (emphasis supplied).

But when it comes to state statutes, a higher standard obtains. "[I]n order to challenge the constitutionality of state statutes, the Georgia Constitution requires a more particularized injury similar to the federal Article III injury-in-fact requirement." *Cobb County*, supra at 92 (1) (emphasis omitted).

> [T]he particularized injury requirement for challenges to state statutes has long been rooted in principles of separation of powers. See Ga. Const. of 1983, Art. I, Sec. II, Par. III ("The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided."). . . . [T]he constitutional separation of powers principle does not even apply to counties or municipalities. . . . Consequently, the animating reason to require a particularized injury to challenge *state* legislative actions is not present for challenges to county or municipality legislative actions.

*Cobb County*, supra at 92-93 (1) (citations and punctuation omitted, emphasis in original). As recently reiterated by our Supreme Court, "the general requirement [is]

that a plaintiff must assert the violation of his own individual right, as opposed to a community-stakeholder right, to challenge actions by the [s]tate." *Republican Nat. Committee v. Eternal Vigilance Action*, ____ Ga. ____ (2) (c) (Case No. S25A0362, decided June 10, 2025).

In the instant case, Hughes challenges the constitutionality of state action in passing SB 333. But in raising such a challenge to the constitutionality of that state legislative action, Hughes has failed to show that he has suffered an individualized injury. Rather, he claims that since he is a citizen stakeholder in Gwinnett County, like the plaintiffs in *Cobb County*, he has standing without the need for an individualized injury. But the plaintiffs in *Cobb County*, unlike Hughes, did not challenge the constitutionality of *state* legislative action, and instead challenged the constitutionality of local government action — an amendment passed by their county board of commissioners. *Cobb County*, supra at 89. "[A]s discussed above, the reason for requiring a particularized injury for state actions does not carry over to local governments." Id. at 93 (1). So the standing of the *Cobb County* plaintiffs to challenge county legislative action was "firmly established" as "community stakeholders in that [county] government." Id. at 95 (1). See also *Sons of Confederate Veterans*, supra at 40

(citizen had standing to challenge local government's removal of a monument in violation of OCGA § 50-3-1);

Likewise, if Hughes were only challenging local legislative action and was "not challenging the constitutionality of [state legislative action, he would] not need to have alleged an individualized injury." *Sons of Confederate Veterans*, supra at 63 (2) (d) (citation omitted). But Hughes has challenged the constitutionality of state legislative action by seeking to have SB 333 declared unconstitutional and void, so he must show an individualized injury, rather than a community-stakeholder injury, in order to have standing for such a challenge. See *Republican Nat. Committee*, supra; *Cobb County*, supra at 92-93 (1). Compare *Williams v. DeKalb County*, 371 Ga. App. 341 (899 SE2d 244) (2024) (citizen of county had standing to challenge county board of commissioner's decision passing a salary increase).

We are not persuaded by Hughes' argument that he has standing as a community stakeholder in Gwinnett County to contest the constitutionality of SB 333 because it is a local law with limited territorial impact, not a general statute. See *Gebrekidan v. City of Clarkston*, 298 Ga. 651, 659 (3) (b) (784 SE2d 373) (2016) (city charter enacted by General Assembly "is a local law, not a general law"); *City of*

6

*Atlanta v. City of College Park*, 311 Ga. App. 62, 66 (1) (a) n. 11 (715 SE2d 158) (2011) ("city charter is a local law, not a general law"). The distinction between general and local laws is pertinent for resolving issues of uniformity and state preemption. See *Gebrekidan*, supra at 653 (2) ("State statutes generally control over local ordinances on the same subject."). See also Ga. Const. of 1983, Art III, Sec. VI., Par. IV (a) ("Laws of a general nature shall have uniform operation throughout this state and no local or special law shall be enacted in any case for which provision has been made by an existing general law, except that the General Assembly may by general law authorize local governments by local ordinance or resolution to exercise police powers which do not conflict with general laws."). But that is not the critical distinction for determining whether an individualized injury is necessary for standing as explained in *Cobb County* and reiterated in *Republican National Committee*. Instead, the critical distinction for that determination is between state action and local action. As set out above and as explained in *Cobb County*, "the animating reason to require a particularized injury to challenge *state* legislative actions[, constitutional separation of powers,] is not present for challenges to county or municipality legislative actions." *Cobb County*, supra at 93 (1) (emphasis in original). Because SB 333 is state legislative

7

action of the General Assembly, and not local legislative action, an individualized injury is required to challenge its constitutionality. But Hughes has failed to allege any such individualized injury.

Hughes nevertheless claims that older Supreme Court authority, unlike the more recent authority in *Cobb County* and *Republican Nat. Committee*, supports his position that, despite the lack of an individualized injury, he has standing to challenge the constitutionality of SB 333. See, e.g., *Bracewell v. Warnock*, 208 Ga. 388, 390 (1) (67 SE2d 114) (1951). But to the extent any such discord exists between older and newer precedents of our Supreme Court, the more recent decisions controls and we must follow them instead of older inconsistent holdings. *Cook v. State*, 313 Ga. 471, 478 (2) (a) (870 SE2d 758) (2022); *Daly v. Berryhill*, 308 Ga. 831, 835 n. 4 (843 SE2d 870) (2020); *White v. State*, 305 Ga. 111, 122 (3) n. 10 (823 SE2d 794) (2019).

Accordingly, under the recent Supreme Court authority on standing discussed above, we conclude that because Hughes has failed to show an individualized injury, he lacks standing to challenge the constitutionality of SB 333. The trial court therefore did not err in dismissing his complaint on that basis.

3. *Declaratory judgment*

8

Hughes also argues that the court erred in dismissing his complaint on the additional basis that he failed to assert a justiciable controversy under the Declaratory Judgment Act. The argument is without merit.

> [T]he Declaratory Judgment Act . . . gives superior courts, "in cases of actual controversy," the power "to declare rights and other legal relations of any interested party petitioning for such declaration." OCGA § 9-4-2 (a). The purpose of the act "is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." OCGA § 9-4-1. Our Supreme Court has defined "actual controversy" as a justiciable controversy where there are interested parties asserting adverse claims on an accrued set of facts. For a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other. Moreover, declaratory relief is proper only where the party seeking such relief faces some uncertainty or insecurity as to rights, status, or legal relations, upon which its future conduct depends.

*Avery v. Paulding County Airport Auth.*, 343 Ga. App. 832, 844 (2) (808 SE2d 15) (2017) (citations and punctuation omitted).

In his complaint, Hughes failed to allege a justiciable controversy between himself and Gwinnett County creating uncertainty upon which his future conduct depends. In support of his declaratory judgment claim, Hughes alleged that he is uncertain about how he might challenge possible future regulation or taxation from the City of Mulberry. Hughes did not allege that any such regulation or taxation exists, but

instead speculated about potential uncertainty of whether the City of Mulberry might impose ad valorem taxes and whether bee-keeping would be allowed under possible future city zoning ordinances.

Such speculative "uncertainty . . . is simply insufficient to warrant declaratory relief." *Cobb County*, supra at 100 (2). See also *Heron Lake II Apts. v. Lowndes County Bd. of Tax Assessors*, 306 Ga. 816, 820 (2) (833 SE2d 528) (2019) ("controversy is justiciable when it is definite and concrete, rather than being hypothetical") (citation and punctuation omitted). Not only are these purported controversies hypothetical, they would be between Hughes and the City of Mulberry, not between Hughes and the named defendant Gwinnett County. Indeed, Hughes did not seek a declaratory judgment clarifying his future conduct regarding hypothetical city taxation or bee-keeping regulation; rather, the only declaratory judgment he sought was for SB 333 to be declared unconstitutional and void. See *Henderson v. Alverson*, 217 Ga. 541, 541-542 (123 SE2d 721) (1962) (declaratory judgment action dismissed where plaintiff failed to show need for guidance as to his future conduct but merely sought declaration that constitutional amendment was unconstitutional and void). Moreover, the only future conduct Hughes sought to have adjudicated and enjoined were potentially ultra vires

acts by the county related to SB 333. See *SJN Properties v. Fulton County Bd. of Assessors*, 296 Ga. 793, 803 (2) (b) (iii) (770 SE2d 832) (2015) (declaratory relief properly denied where claimant failed to show that it faced uncertainty as to its own future conduct, but instead sought an adjudication that would impact the future conduct of the defendant); *Avery*, supra at 845 (2) (affirming dismissal of declaratory judgment action because residents and taxpayers of county seeking to declare void an ultra vires act of the county had "not allege[d] any uncertainty or insecurity as to their rights, status, or legal relations"). Because Hughes failed to allege a justiciable controversy between himself and the county under the Declaratory Judgment Act, the trial court did not err in dismissing the complaint on this additional basis.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*