## SIMMONS *v.* THE STATE.

1. Postponements of trials rest in the sound discretion of the trial judge. It does not appear that this discretion was abused in the present case.
2. Where, upon the call of a criminal case to be set for trial, the accused being unable to employ counsel, the court appointed a "junior and inexperienced member of the bar" to represent him, and upon the trial, and before the same was entered into, the court, ex mero motu, appointed an "attorney of experience and ability" to aid in the defense, and both of the attorneys represented the accused throughout the trial, he had "the privilege and benefit of counsel," as guaranteed him by the constitution of this State.
3. Even if a failure to charge upon the law of confessions, in the absence of a request to so charge, be cause for a new trial, the evidence in the present case did not authorize a charge on the subject.
4. The verdict is amply supported by the evidence, and is not contrary to law.

Argued October 22,—Decided November 13, 1902.

Indictment for murder. Before Judge Barrow. Chatham superior court. August 19, 1902.

*Simon N. Gazan, John E. Myrick*, and *Edwin Leffler*, for plaintiff in error. *Boykin Wright, attorney-general*, and *W. W. Osborne, solicitor-general*, contra.

FISH, J. It appears from the record in this case that the homicide for which the accused, Robert Simmons, was tried, occurred on Thursday, July 24, 1902. The bill of indictment charging him with murder was returned on July 25. On Saturday, July 26, the accused was brought into court, and as he had no counsel, the presiding judge appointed counsel to represent him, and at the same time, and, in the presence of and without objection by such counsel, set the case for trial on the following Thursday, the 31st day of July. On the date last mentioned the case was called for trial, and counsel for the accused asked that the same be postponed on the ground that he had not had time to prepare the case for trial, stating that the accused had some witnesses " living two or three miles out on the Louisville road," whose testimony he desired to use, but whose names counsel did not know. The judge asked the accused if he could give him the names of the witnesses desired, at the same time offering to have them brought into court. The accused replied that he did not know their names. The court then asked the accused if he had any witnesses who were not present whose testimony he desired, to which the accused replied that he did not know. Complaint was made in the motion for a new trial, that the counsel first appointed to represent the accused was " young and inexperienced," but in connection with this ground of the motion the trial judge certifies that before the trial was entered upon the court appointed additional counsel to assist in the defense of the accused, and that, after such appointment and further consultation between the accused and his counsel, the trial was begun without further motion for a continuance or postponement. The trial resulted in a verdict of guilty, and to the overruling of his motion for a new trial the accused excepted.

1. The time to be allowed counsel to prepare for trial is in the sound discretion of the trial judge, which discretion will not be interfered with by this court unless abused. *Charlon* v. *State*, 106 *Ga.* 400; *Baker* v. *State*, 111 *Ga.* 141. In view of the facts of this case as above stated, there was no abuse of discretion in refusing to postpone the trial. If the accused had any witnesses who were absent, it was not shown that he knew their names, or where they resided, or what they would testify to if present, or that their presence could be secured if the case should be postponed. It did not appear that there were any unusual or intricate matters of

law or fact involved in the case. The trial judge knew the facts as to the business in which counsel had been engaged in his court, and could better determine the propriety of a postponement of the trial than this court. It follows that the court did not abuse its discretion in refusing the postponement.

2. It appears from the recitals in the motion for a new trial that the counsel who was first appointed to represent the accused was "a junior member of the bar, inexperienced and unskilled in the trial of cases, that he had never tried but one case before a jury," and that he was admitted to the bar only a little more than a month previous to the trial of this case; and it is complained that, taking into consideration the gravity of the case, representation by such counsel up to the time of the trial was not a compliance with the requirement of the constitution of this State to the effect that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel. The law presumes that every man who has been admitted to the bar of this State is competent to practice law. It requires that every applicant for admission shall be carefully and thoroughly examined. This examination, under the statute, must be strict, and it is made the duty of the persons charged with the examination "to reject any applicant who does not undergo a full and satisfactory examination," and no person who, upon examination, is not found to possess the requisite learning and ability to enable him to properly discharge the duties imposed by law upon attorneys at law can legally be admitted to the bar of this State. Moreover, after the request for a postponement was made and denied, the court, according to the certificate of the trial judge, appointed "an attorney of experience and ability" to assist in the defense of the accused, and both the attorneys so appointed represented the accused throughout the trial. We are therefore of the opinion that the accused had "the privilege and benefit of counsel," as guaranteed him by the constitution.

3. Complaint was further made in the motion for a new trial, that the court erred in not giving in charge to the jury the law relating to confessions, as it was claimed that an alleged confession was introduced in evidence by the State. Even if the failure of the court to give in charge to the jury the law relating to confessions be, in the absence of a request so to charge, cause for granting a new trial (*Malone* v. *State*, 77 *Ga*. 767), there was no evi-

dence in the present case to authorize a charge upon that subject. It appears from the record that after the accused had made his statement, in which he admitted the killing and claimed that he committed the act because of an assault made upon him by the deceased at the time of the killing, in pursuance of threats previously made against him, he closed his case.    The State then introduced the evidence of the officer who arrested the accused, to the effect that at the time of the arrest the accused stated to him that he and the deceased had, a few days previous to the killing, had a quarrel, in which the deceased told the accused that he had heard that he was a bully, and that if he (the accused) said anything to a certain woman, or struck her, he would "put in ninety-nine for him," meaning that he would kill him and serve a life sentence in the penitentiary for so doing.    The witness stated further that the accused told him that on the night of the killing he went to the house of the woman in question, where the homicide was committed, and knocked upon the door, which was opened by the woman, who told him to come in; that he went in, and just as he got inside the door the deceased started to shut the door; that he, not knowing what the deceased was going to do, shot him; that the deceased then went into another room, while he (the accused) went outside and shot through the window, in order to prevent the deceased from coming out to hunt him.    The accused in his statement gave substantially the same account of the quarrel previous to the killing as that given by the officer, and in his account of the occurrences that took place on the occasion of the homicide he narrated other circumstances not related in the statement testified to by the officer, but in both the statement given to the officer and that made on the trial he attempted to excuse the killing.    The apparent purpose of the State in offering the testimony of the officer was to show that the account given by the accused in his statement to the jury as to the conduct of the deceased on the occasion of the homicide was different in its details from that given to the officer.    The accused did not deny that he killed the deceased, and there was ample evidence, outside of the statement to the officer and that made on the trial, to show that such was the case.    While an appropriate charge upon the subject of the statement made to the officer might not have been amiss, to have treated this statement as a confession of guilt would, under the facts of this

case, have been improper and would have been cause for a new trial. See *Covington* v. *State*, 79 *Ga.* 687; *Fletcher* v. *State*, 90 *Ga.* 468; *Powell* v. *State*, 101 *Ga.* 19; *Lee* v. *State*, 102 *Ga.* 225.

4. As before indicated, the verdict finding the accused guilty is fully sustained by the evidence; and the judgment of the court below overruling the motion for a new trial is accordingly

*Affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*