## CRAWFORD *v.* GARRETT *et al.*

Where it was stipulated in a mortgage that, upon default in the payment of the debt secured thereby, the mortgagee, for the purpose of paying the indebtedness, was empowered to sell the mortgaged property at public outcry before the court-house of a given county, after advertising the same for thirty days in the newspaper in which the sheriff of that county published his legal advertisements, the time for sale was fixed by the stipulation ; and therefore it was not essential to a valid sale under the power that it be made on the day of the month designated by statute for public sales.

Submitted December 12, 1904. — Decided January 27, 1905.

Complaint for land.    Before Judge Sheffield.    Clay superior court.    September 21, 1903.

*J. D. & L. M. Rambo* and *W. A. Scott*, for plaintiff.
*W. D. Sheffield* and *W. C. Worrill*, for defendants.

FISH, P. J.    The record in this case presents but one question for decision.    It was stipulated in a mortgage that, upon default in the payment of the debt it was given to secure, the mortgagee was empowered to sell the mortgaged property at public outcry, in front of the court-house of a given county, after advertising the same for thirty days in the newspaper in which the sheriff of that county published his legal advertisements.    The question is, whether a sale under such power, in order to be legal, had to be made on a public-sales day — the first Tuesday in the month. The Civil Code, § 4023, provides:    "Power of sale in deeds of

trust, mortgages, and other instruments is to be strictly construed and must be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale should be that pointed out for public sales." This section, as shown by the annotation, was codified from the decision in *Calloway* v. *Bank*, 54 *Ga.* 441. In that case there was a power-of-sale mortgage in which it was stipulated that, if the indebtedness were not paid at maturity, the mortgagees were empowered to sell the mortgaged property, "after advertising the time, place, and terms of sale for the space of ninety days, in one or more newspapers published in the City of Macon, Georgia," etc. In rendering the opinion in the case Judge McCay said: "We recognize the rule that such powers are to be strictly pursued, and to be honestly and fairly exercised. It is true, too, that if no time, place, or manner be pointed out in the deed, that the mode ordinarily pointed out by law for public sales ought, in our judgment, to be pursued. This is in accord with the spirit of our law as indicated by the provisions for executors and trustees: Code, sections 2328, 2567. This deed clearly contemplates a public sale. It fixes the time, it provides for the advertisement, and fixes the time of publication; it leaves nothing open but the place; but in effect it also covers that." If the time of sale were fixed by the terms of the stipulation in the mortgage in that case, it is quite clear, we think, that the phraseology of the stipulation in the mortgage in the case now under consideration has the like effect. Power to sell after advertising for thirty days was authority to sell on any week day for which the sale had been duly advertised for thirty days. It follows that a sale made by the mortgagee in accordance with the power and on a week day other than the first Tuesday in the month was not void. As the trial court ruled to the contrary, the judgment must be reversed.

*Judgment reversed. All the Justices concur.*