## HAYNES *v.* ARNOLD *et al.*

BECK, P. J.  1.  Even if tender was properly alleged in this case, the evidence was conflicting, and the court was authorized to find against the petitioner.

2. The court was also authorized to find against the plaintiff on his contention that the property sold at sheriff's sale was not offered and sold before the court-house door between the legal hours of sale on the day upon which it was advertised to be sold, the evidence upon this question being conflicting.

3. In the brief of counsel for the plaintiff it is contended that the judgment upon which the fi. fa. levied upon the property was based was illegal and void, because the defendant in judgment (petitioner) had never been served and had his day in court; but no allegation that the defendant in judgment had not been duly served appears in the petition. There is a statement in an affidavit submitted by petitioner that he had not been served. This is not sufficient; the pleadings should have shown that he had never been served, and the sheriff should have been made a party, as one having an interest and not merely as a "nominal party." And moreover, sufficient excuse should have been alleged for not raising this question before, by filing an affidavit of illegality and traversing the return of the sheriff in the proper court.

4. The levy of the fi. fa. was made on May 14, 1921. The sale was on the first Tuesday in June. The contention that the advertisement for once a week for four weeks between the date of the levy and the date of the sale could not have been had is without merit, in view of the ruling in the case of *Carter* v. *Copeland,* 147 *Ga.* 417 (94 S. E. 225).

5. The defendant in fi. fa. (plaintiff in the equitable petition), was in possession of the property at the time it was levied upon. The notice of the levy was given to him, and as to form it substantially complied with the statute.

*Judgment affirmed. All the Justices concur, except Atkinson and Hines, JJ., dissenting.*

No. 3063.  OCTOBER 10, 1922.

Petition for injunction.  Before Judge George L. Bell.  Fulton superior court.  August 29, 1921.

Ed. Haynes filed his petition against C. H. Arnold et al., for injunction, cancellation of a sheriff's deed, and other equitable relief.  It is shown in the petition that the plaintiff purchased a tract of land in the City of Atlanta from A. G. Smith and Edward Jones, agreeing to pay $1,500 for the same, and to assume a mortgage loan of $1,000, making a total of $2,500 as the purchase-price. A. G. Smith and Edward Jones executed a bond for title to the plaintiff, obligating themselves to make a good and sufficient warranty deed to him for the land purchased,

stating therein that he had paid them the sum of $300 cash and had executed sixty notes of $20 each, which notes became due on the 15th of each consecutive month, amounting to $1,200, the balance of the purchase-money, Haynes assuming the mortgage loan of $1,000. Petitioner alleged that he paid certain of these notes. Upon maturity of one of them, which he failed to pay, the other notes were sued upon and judgment recovered. The suit was in the name of C. H. Arnold, transferee. Upon the judgment a fi. fa. issued against petitioner, the same was levied upon the property, and the property was sold. Petitioner alleged, that the vendors, the payees named in the notes, had been guilty of fraudulent conduct; that Arnold, the transferee, knew of this fraudulent conduct; that the property was not properly advertised, and could not have been properly advertised according to law, as the levy was made on May 14, 1921, and the sale took place on the first Tuesday in June, 1921, and therefore could not have been advertised once a week for four weeks, as prescribed by law. Petitioner alleged that he made tender of the amount due on the debt, at the proper time, to the proper parties. The court at the hearing, after evidence was submitted by both parties, refused an interlocutory injunction, and the plaintiff excepted.

*J. S. James,* for plaintiff.  *W. M. Everett,* for defendants.