## BUSH *v.* GROWERS FINANCE CORPORATION.

.No. 9089.  DECEMBER 14, 1932.

*W. I. Geer,* for plaintiff.

*Bryan, Middlebrooks & Carter* and *A. T. Levie,* for defendant.

HILL, J.   The plaintiff filed an amendment to her petition and struck a number of the paragraphs thereof, which petition as amended was demurred to, thus leaving the controlling issue raised in the case as to whether or not the power of sale contained in the loan deed executed by the plaintiff in favor of the Growers Finance Corporation was being exercised in accordance with its terms and the requirements of law.   The loan deed conveyed to the Growers Finance Corporation approximately 300 acres of land to secure an indebtedness of $1200 owing by the plaintiff.   The power of sale is as follows: "Upon the failure of grantor to pay any of the amount above specified, as herein stated, the grantee herein, or its successors or assigns, may proceed to sell the property herein described, or any part thereof, before the court-house door in the county in which the same is located, to the highest bidder for cash, after first advertising the same once a week for four successive weeks in some newspaper published in said county having general circulation therein, or the newspaper in which the sheriff's advertisements are published, and upon such sale receive the proceeds thereof."   In accordance with the terms of the power of sale the Growers Finance Corporation advertised the land described in the loan deed and gave notice in the Early County News, the official organ of the county, of its intention to sell the property at public sale in accordance with the power of sale.   This notice was published in the newspaper named above, in the issues of January 21, 1932, January 28, 1932, February 4, 1932, and could, and no doubt would, have been inserted in the issues of February 11, 1932, and February 18, 1932.   The 28-day period expired on February 18, 1932, and the sale was to take place on February 20, 1932; but the publication of the notice was restrained on February 10, 1932, by order of the superior court of Fulton County, granted on the petition in this case.   The plaintiff contends that the sale thus advertised could not be held on any date other than that prescribed by

the statute for sheriffs' and other public sales, viz., on the first Tuesday of the month; and that the property in question could not be legally sold on February 20, 1932, for the reason that the notice of the sale was not properly advertised, and could not have been properly advertised by publishing the same on the five dates named above.

We are of the opinion that these contentions are without merit. In *Garrett* v. *Crawford,* 128 *Ga.* 519, 523 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167) ; the facts were similar to those in the present record, and the question was presented whether or not a sale under power could be made on any day other than a day prescribed for public sales. Mr. Justice Cobb, in delivering the opinion of the court, said : "The regular day for public sales is the first Tuesday in each month. The Code requires that a sale under a power of sale in a mortgage be on the regular sale day, when there is nothing in the instrument creating the power to indicate what was the intention of the parties as to the time of sale; but when there is a stipulation that the sale shall be had after the expiration of a given time for advertisement, a time other than the day of public sales is provided for, and the time of sale may be fixed by the mortgagee on any day subsequent to the expiration of the time required, in advertising the sale in accordance with the terms of the power. The very power now under consideration has been held to fix a time for sale other than the regular day of public sales. *Crawford* v. *Garrett,* 121 *Ga.* 706 [49 S. E. 677]. The time of sale must be stated in the advertisement, and the sale must take place on the day, and within the hours therein fixed ; and when the sale takes place on the day and within the hours stated in the advertisement, the sale is valid so far as the time thereof is concerned." The foregoing decision is in harmony with the Civil Code (1910), § 4620, which provides as follows : "Power of sale in deeds of trust, mortgages, and other instruments is to be strictly construed and must be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale should be that pointed out for public sales." We are of the opinion that the power of sale contained in the loan deed in the instant case authorized the defendant to sell the land in controversy on any day, "after first advertising the same once a week for four consecutive weeks." It seems therefore, evident that the in-

tention of the parties as gathered from the power of sale contained in the loan deed is that the grantor authorized the grantee to sell the property under the power of sale on any day fixed by the grantee in the deed, provided the notice of the sale and advertisement was made in accordance with the terms of the power of sale.

"In all cases where the law of force on October 21, 1891, required citations, notices, or advertisements by ordinaries, clerks, sheriffs, county bailiffs, administrators, executors, guardians, trustees, or others, to be published in a newspaper for thirty days, or for four weeks, or once a week for four weeks, it shall be sufficient and legal to publish the same once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the term or day when the order is to be granted, or the sale is to take place; and the number of days between the date of the first publication and the term or day when the order is to be granted, or the sale to take place, whether more or less than thirty days, shall not in any manner invalidate or render irregular the said notice, citation, advertisement, or order of sale." Civil Code (1910), § 6063. In *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (152 S. E. 85), Chief Justice Russell, speaking for the majority of the court, said: "This court has construed words of doubtful meaning in powers of sale given by one individual to another in the light of the provisions in section 6063 of the Civil Code of Georgia, and we are of the opinion that this was not done without good reason. In the absence of a very plain showing to the contrary, it must be assumed that two citizens dealing with each other as individuals would most naturally wish to follow the mode of procedure used in sales made by authority of law. They would naturally rely upon experience which resulted in the creation of the law, and rely upon the wisdom of the law. So, we repeat, in cases of doubt as to the meaning of terms used in a private contract, it would generally be safe to assume that the parties intended to go the ordinary path; and so in *Carter* v. *Copeland,* 147 *Ga.* 417 (94 S. E. 225), which concerned a power of sale contained in a mortgage which prescribed that the property should be advertised once a week for four weeks, this court applied the rule of section 6063 of the Code in construing the meaning of this private power of sale." Chief Justice Russell reviewed and discussed the earlier Georgia cases dealing with this question; and further stated: "In the case of

*Boyd* v. *McFarlin,* 58 *Ga.* 208 this court, in construing § 3647 of the Code of 1873 (Civil Code of 1895, § 5457), which required notices of sheriffs' sales of land to be published weekly for four weeks, held, that the statute was not met by publication for a shorter period of time than twenty-eight days; in other words, that when the statute fixed the period at once a week for four weeks, it meant to use the term 'week' as a period of time consisting of seven days, and that when there should be a publication weekly for four weeks, it meant once in each seven days, so as to give notice of such sales for twenty-eight days before the sale should take place. This was the law, as construed, at the time the act of 1891 was passed, and that act was intended to change existing law, so that if a notice of such sale should be made once a week for four weeks, such advertisement would be sufficient, without reference to the number of days which might so elapse. In ascertaining the legislative intent as expressed by the act, we are bound to conclude also that the week of seven days was not intended to be taken as the period in which one publication only of the notice must necessarily be made, because such was the statute as interpreted by the court at the time of the passage of the act; hence the act, in referring to the publication to be made once a week for four weeks, means a calendar week, and if notice shall be made on any day of a calendar week, that shall be counted as a publication for that week; and this construction would allow a notice to be made on a day within the week when the sale is to take place, because the act expressly excludes computation of days." This decision seems to be in line with the earlier decisions. *Proudfit* v. *Oliver,* 150 *Ga.* 707 (105 S. E. 241) ; *Bird* v. *Burgsteiner,* 100 *Ga.* 486 (28 S. E. 219) ; *Carter* v. *Copeland,* supra. In those cases it was held that the term "week" as used in the power of sale means a calendar week and not a week of seven days.

It seems, therefore, that where a sale is advertised once a week for four consecutive weeks during each calendar week preceding the calendar week of the sale, such advertisement would be in compliance with the requirements prescribed by the power of sale in the instant case. As already pointed out, the sale in the instant case under the power of sale could have been advertised also during the calendar week of the date of sale named in the advertisement by publishing the advertisement on Thursday, February 18, imme-

diately preceding the sale on Saturday, February 20, and this no doubt would have been done had not the sale been enjoined. For the foregoing reasons, and under the authorities cited, we reach the conclusion that the court did not err in sustaining the demurrer and dismissing the petition.

Judgment affirmed. All the Justices concur.

ATKINSON, J., concurs in the result.