### BROWN *et al.* v. FEDERAL LAND BANK OF COLUMBIA.

ATKINSON, J. On December 12, 1931, a mother and her son instituted an action against a banking institution, to cancel a quitclaim deed executed by the mother to the son, August 19, 1921, and a security deed executed August 25, 1921, by the son to the bank, as clouds upon the title of the mother to a life-estate derived under the will of her husband, and to enjoin sale of the land by the bank under power of sale expressed in the security deed. The exception is to a judgment dismissing the action on general demurrer.

1. It was alleged in the petition that the mother was seventy-six years old at the time she executed the deed to her son (a few days before he executed the security deed to the bank), and that he "was not then, nor now, sui juris," and "under the terms of the will of his father . . he is not now and can not become sui juris; as to this property until the death of his mother." Construing the petition most strongly against

the plaintiffs, the language "sui juris," considered with its context, was so qualified as to amount to mere expression of opinion, and not an allegation that the son had not attained legal majority.

2. Allegations that the quitclaim deed executed by the mother to her son, purporting to convey 371 acres of land on which they resided, in consideration of five dollars, was in fact without consideration, that "she was persuaded to sign the same without knowledge of its consequences and without knowing that it was to be used [by her son] in securing a loan over said property," were not sufficient allegations of fraud or mistake to afford cause for cancellation, as against the bank. The case differs on its facts from *Wimberly* v. *Ross*, 152 *Ga.* 258 (109 S. E. 500), and similar cases, where the maker of the instrument could not read, or could not read without glasses, or some representation, trick, or device was used to prevent the maker from reading it.

3. "A sale under a power of sale in a mortgage should be had on a regular day of public sales, unless the instrument creating the power stipulates that the sale may be had at some other time." *Garrett* v. *Crawford*, 128 *Ga.* 519 (3) (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167). Where the instrument contains a power to sell "after advertising ·for thirty days," this is a sufficient stipulation that the sale may be had at some other time than the regular day of public sales provided by law. *Crawford* v. *Garrett*, 121 *Ga.* 706 (49 S. E. 677); *Bush* v. *Growers Finance Corporation*, 176 *Ga.* 99 (167 S. E. 105).

4. It was alleged that the property was being advertised, under the power of sale contained in the security deed, to be sold during the legal hours of sale on December 14, 1931; and that a sale on that day during the legal hours of sale would be contrary to law, for the reasons (a) that "there is no time for the sale stipulated in the instrument by which said sale should occur other than on the first Tuesday of the month; (b) that, in the absence of a contrary contractual stipulation, the sale should take place on the first Tuesday in the month; (c) that December 14, 1931, is not a date for public sales as provided by law; (d) that there are no legal hours of sale provided by law for December 14, 1931." Applying the principles announced in the cases cited above, these allegations were insufficient to charge unauthorized exercise of the power of sale.

5. The petition failed to allege a cause of action, and the judge did not err in dismissing the case on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 8956. MARCH 2, 1933.

*J. R. Powell Jr.,* and *Alfred Herrington Jr.,* for plaintiffs.
*Price & Spivey* and *Harry D. Reed,* for defendant.