## Rooks v. Citizens Bank of Colquitt.

Gilbert, J. A deed conveying land to secure a debt, made by Rooks to Citizens Bank of Colquitt, provided: "Should said indebtedness, or any part thereof, be not paid at maturity, . . the grantee . . is hereby empowered to advertise said property for sale in some newspaper, by him to be chosen, . . and, after advertising the same two consecutive insertions in said newspaper, or by advertising ten days in three public places in Colquitt, Ga., to expose said property at public sale on the date in said advertisement named," etc. In the issues of the Miller

County Liberal, dated November 11 and 16, 1932, the bank advertised the land for sale. The date fixed by the advertisement for the sale was November 22, 1932. Rooks filed a petition praying that the sale be permanently enjoined. An injunction was denied. The petition did not deny the indebtedness, or set up any equity. It alleged that the Miller County Liberal was not the official organ of Miller County, and that the county was without an official organ. It appears that the date advertised for the sale, November 22, 1932, had passed when the judgment denying an injunction was rendered, January 14, 1933. The brief of plaintiff in error presents only two reasons why the judgment refusing injunction was error: (1) that the advertisement run in "two consecutive insertions" of a daily newspaper did not meet the requirements of law; (2) that the advertisement could not be made in a paper which was not the official organ of the county. *Held*, that the court did not err in denying an injunction.

(a) The court was authorized to find that the advertisement was not illegal. *Carter* v. *Copeland*, 147 *Ga.* 417 (94 S. E. 225); *Haynes* v. *Arnold*, 154 *Ga.* 377 (114 S. E. 360). Even if the newspaper was not the official organ, the power of sale did not require the advertisement to be in the official organ. *Brown* v. *Federal Land Bank of Columbia*, 176 *Ga.* 670 (168 S. E. 775).

(b) The advertisement appeared in "two consecutive" issues of the paper, which, according to undisputed evidence, was a "weekly paper." One of the dates November 11 or November 16 must be erroneous. However, this does not affect the legality of the advertisement.

(c) The date of the sale having passed when the judgment was rendered, a new advertisement will be necessary.

(d) Nothing in *Carter* v. *Land*, 174 *Ga.* 811 (164 S. E. 205), conflicts herewith.                    *Judgment affirmed. All the Justices concur.*

No. 9524. APRIL 14, 1933.

*W. I. Geer,* for plaintiff.
*N. L. Stapleton,* for defendant.