## 45337.   CARVER v. CRANFORD et al.

JORDAN, Presiding Judge. Carver, the plaintiff in the lower court in a negligence action, appeals from an order of that court, on motion of the defendants, dismissing his action with prejudice for failure to prosecute and a subsequent order denying his motion to set aside the previous order.

The trial judge's findings of fact in the order of dismissal recites that at a pre-trial conference on December 19, 1969, it was agreed between counsel, with the approval of the court, to try the case during the first week of February, 1970, and that the Clerk of Spalding Superior Court mailed counsel a copy of the trial calendar for the February term of the court. The order further discloses that the case was regularly called for trial in Spalding Superior Court at 9 a.m. on February 3, 1970, that neither the plaintiff nor his counsel was present, that counsel for the defendants offered to inform counsel for the plaintiff or someone in his office in Atlanta that the case was ready for trial and requested a delay until 1:30 p.m., that a telephone call to Atlanta was made forthwith, but that counsel for the plaintiff presented no request for delay or continuance, and that the case was again called for trial at 1:30 p.m. The trial judge further found that the defendants were present in court with witnesses ready for trial and had undergone much expense and inconvenience. He concluded that the plaintiff had failed to prosecute the action with due diligence and that the defendants were entitled to dismissal under § 41(b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 653; *Code Ann.* § 81A-141(b)).

The record further discloses that the pre-trial order was signed by the court on January 12, 1970, and that under Rule 6 of the Rules of Court, Griffin Judicial Circuit, the signing of a pretrial order "shall constitute notice to the parties of the placing of the action upon that trial calendar for the next regular term of court to be held not less than 20 days" thereafter.

On March 4, 1970, the plaintiff filed a motion to set aside the order of dismissal, asserting therein that neither the plaintiff nor his counsel received a copy of the court calendar setting the case for trial, that on the date the subject case was called coun-

sel was engaged in the trial of another case in Atlanta, and that neither the plaintiff nor his counsel received "notice of the motion for ex parte order to dismiss the case."

The affidavit of the plaintiff's lead counsel in support of the motion states that it was his "understanding" that "jury trial week" would commence on February 9, 1970, and that he noted this on his personal calendar as the week to try the Carver case. He commenced trying a case in the U. S. District Court in Atlanta on Monday, February 2nd, and on the morning of February 3rd he called his firm's secretary from the court, and received information from her that an attorney had called and informed her that the Spalding County case had been called for trial in Griffin. He asked the secretary to call the attorney back and seek a continuance until Thursday. At the lunch break he again talked to the secretary and she informed him the matter had been taken care of and there was no problem. The next morning he received a letter from the defendants' attorney, which he attached as an exhibit. This letter, actually addressed to the representative of an insurance company, mentions two telephone conversations with the firm secretary. As a result of the first conversation counsel for the defendants informed the judge that opposing counsel was trying a case in Atlanta, and the judge delayed trial until 11 a.m. to give counsel for the plaintiff an opportunity to appear. On a second call to the secretary the secretary informed counsel for the defendants that counsel for the plaintiff would not be free until Thursday, and that he would get in touch with counsel for the defendants later in the week. The letter further states that the trial judge finally called the case, and there being no appearance for the plaintiff, sustained the motion to dismiss.

The order of the trial judge denying the motion to set aside recites that the trial judge at no time received a request by plaintiff's attorney or anyone in his behalf for a continuance, that he had no notice that the plaintiff did not intend to appear for trial, and that he received no communication from plaintiff's counsel during the interval when the case was first called and the signing of the order of dismissal. *Held:*

1. The statute (CPA § 41(b)) clearly authorizes a dismissal on mo-

tion of a defendant for a "Failure of the plaintiff to prosecute" which, unless the judge "otherwise specifies" in the order, "operates as an adjudication on the merits." (But see *O'Kelley v. Alexander,* 225 Ga. 32 (165 SE2d 648)). From the abridged record as set forth above and from the record as a whole it is abundantly clear that there was a failure to prosecute with notice to the parties of the time of trial under the local court rules, plus actual knowledge of counsel of the fact, as found by the trial judge, that the case would be tried during the first week of February, 1970, and actual knowledge, as admitted by lead counsel in his affidavit, of the call of the case at this time, following which, during the lapse of several hours before dismissal, he acted at his peril and the peril of his client, in doing nothing more than attempting to relay information to the trial judge through his secretary and opposing counsel, which might have supported a motion for continuance for the trial judge to act upon. See, in this connection, absence of a party or counsel as grounds for continuance, and the showing and diligence required. *Code* §§ 81-1412, 81-1413, 81-1416. Faced with the dilemma of two cases for trial at the same time in two different cities, some 40 miles apart, it was incumbent upon counsel to act diligently and expeditiously to preserve and protect the interest of both clients. The record in the present case supports the dismissal under the applicable provisions of the statute.

2. The motion to set aside the dismissal is without merit. Nothing appears to disclose "some nonamendable defect which does appear upon the face of the record or pleadings." Section 60(d), Civil Practice Act (Ga. L. 1966, pp. 609, 663; *Code Ann.* § 81A-160(d)). See *Jordan v. Plott,* 121 Ga. App. 727 (175 SE2d 148).

*Judgment affirmed. Eberhardt and Pannell, JJ, concur.*
ARGUED MAY 5, 1970—DECIDED JUNE 10, 1970—REHEARING
DENIED JUNE 26, 1970—

*Stokes, Manning & Boyd, George V. Boyd,* for appellant.
*Beck, Goddard, Owen, Squires & Murray, John H. Goddard, Jr., Stephen O. Squires,* for appellees.