48527, 48528. CHAPPELAER v. GENERAL GMC TRUCKS, INC. (two cases).

ARGUED SEPTEMBER 11, 1973 — DECIDED JANUARY 11, 1974 — REHEARING DENIED JANUARY 29, 1974 —

*Larry Cohran,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, John A. Howard,* for appellee.

QUILLIAN, Judge. ■ The appellant filed an action for breach of contract against the appellee and the jury returned a verdict for the appellant. The appellant then filed a notice of appeal. Subsequent to the filing of the notice of appeal the trial judge set aside the judgment and granted a new trial.

The appellant contends that the trial judge had no authority to grant the motion for a new trial because the notice of appeal had been filed and therefore served as a supersedeas. The filing of a notice of appeal does serve as a supersedeas in civil cases "upon payment of all costs in the trial court." Code Ann. § 6-1002 (a) (Ga. L. 1965, pp. 18, 22). However, in the present case the cost had not been paid at the time the trial judge granted the new trial, therefore the notice of appeal did not serve as a supersedeas.

■ Subsequent to the granting of the motion for a new trial the case came on for trial again. When the case was called, appellant's counsel was not present and the trial judge dismissed the action for want of prosecution. Appellant's counsel argues that this order was error because he was ill and unable to attend court and that this information had been conveyed to the trial judge prior to the call of the case. Appellant's counsel filed a motion to vacate and set aside the order of dismissal and reinstate the case. The motion and affidavits attached stated in part that: "Upon returning to his residence on the evening of February 6th, 1973, plaintiff's attorney became extremely ill and throughout the night suffered from nausea, fever, chills, severe stomach pains and diarrhea. At approximately 7:00 a.m. on February 7th, 1973, plaintiff's attorney, Larry Cohran, called John Thomas Chason, an attorney who shares offices in plaintiff's attorney's suite, and asked him to go to see Judge Etheridge and advise him that plaintiff's attorney was at home, ill, and was unable to come to court to try the case, and that plaintiff's attorney would attempt to contact Judge Etheridge by telephone himself if he was able to get through to him—all as evidenced by the affidavit of Larry Cohran attached hereto, marked Exhibit 'A' and by reference incorporated into and made a part of this motion.

"At approximately 9:20 a.m. on February 7th, 1973, John Thomas Chason went to the offices of Judge Jack Etheridge and, upon being advised by Miss Alice Beck, secretary to Judge Etheridge, that there were four people waiting ahead of him to see the Judge, Mr. Chason advised Miss Beck that he was there on

behalf of plaintiff's attorney to advise Judge Etheridge that plaintiff's attorney was at his residence, extremely sick and unable to appear in court for the trial of said case. Mr. Chason also advised Miss Linda Mitchell, Deputy Clerk of the Fulton Superior Court assigned to Judge Etheridge, at the same time and place that Larry Cohran was at his residence, sick, and unable to appear in court to try the within case. John Thomas Chason had to answer another court calendar in the courtroom of Judge Tanksley in the Fulton Superior Court and was assured by both Miss Beck and Miss Mitchell that the message would be conveyed to the Judge that plaintiff's attorney was at home ill—all as evidenced by the affidavit of John Thomas Chason attached hereto, marked Exhibit 'B' and by reference incorporated into and made a part of this motion.

"At approximately 10:00 a.m. on February 7th, 1973, plaintiff's attorney contacted Judge Jack Etheridge by telephone and told the judge that he was at home sick with a fever and unable to come to court, and did invite Judge Etheridge to send a county physician to his residence if there was any question as to the veracity of the information relayed to said judge.

"Judge Etheridge stated that he could not operate a court in such a fashion, that plaintiff's attorney's statement did not constitute a legal excuse, that information had been conveyed to him that plaintiff's attorney was sick but that no doctor's affidavit had been conveyed to him, that he had dismissed the case for want of prosecution, that the plaintiff, H. G. Chappelaer, Jr. had personally settled the law suit with the defendant's counsel, Mr. John Howard, and the matter was closed as far as the court was concerned."

Appellant's counsel did not personally contact the trial judge until after the action had been dismissed for want of prosecution. Counsel acts at his peril in attempting to contact the trial judge by relaying information to him through a third person. *Carver v. Cranford,* 122 Ga. App. 100 (176 SE2d 272). In *McLendon v. State,* 123 Ga. App. 290 (2) (180 SE2d 567), it is stated: "Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge." *Revel v. State,* 26 Ga. 275 (2); *Long v. State,* 38 Ga. 491 (4, 5); *Turner v. State,* 70 Ga. 765; *Poppell v. State,* 71 Ga. 276 (2); *Simmons v. State,* 116 Ga. 583 (42 SE 779); *Hardy v. State,* 117 Ga. 40 (1) (43 SE 434); *James v. State,* 150 Ga. 76 (1) (102 SE 425); *Griffin v. State,* 208 Ga. 746

(69 SE2d 192); *Crow v. State,* 86 Ga. App. 11 (1) (70 SE2d 601).

From the facts of this case it cannot be said that the trial judge abused his discretion in dismissing the action for want of prosecution.

■ The record shows that the appellant settled the case in open court directly with appellee's counsel. Appellant's counsel contends that the settlement was not valid because the appellant did not have authority to settle the case without his knowledge and consent. It is true that: "The settlement of a pending suit between plaintiff and defendant, without the knowledge or consent of the counsel for the former, whose fees were to be a certain proportion of the recovery, cannot defeat the right of such counsel to prosecute such suit to a termination, in order to fix and recover their fees." *Coleman & Newsome v. Ryan,* 58 Ga. 132 (1). However, that is not the question that we now have before the court. While the record shows that the appellant agreed to settle the case in open court, the trial judge dismissed the case for want of prosecution.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*