## 52819. GEORGE v. HANDSHAKERS, INC. et al.

Stolz, Judge.

George, the plaintiff in the lower court in a contract action, appeals from an order of that court overruling his extraordinary motion for a new trial based upon the

judge's dismissal of his action with prejudice for failure to prosecute.

It appears from the record, including the plaintiff's extraordinary motion with supporting affidavits, that the case was on the calendar for April 5, 1976; that plaintiff's counsel had his secretary contact the superior court and get him excused from appearing for the April 5 call, due to his father's illness; that at about 4:00 p.m. on April 6, the defendant called the plaintiff's office to determine whether the plaintiff's counsel intended to be present for the trial of the case; that in the course of that conversation, the secretary of the plaintiff's counsel inquired as to the status of the calendar, to which the defendant's counsel responded that their case was three cases down the calendar, and that it could conceivably be reached as late as April 9; that on the following morning, April 7, counsel for the plaintiff, without notifying the trial judge or opposing counsel, left to try a case in Douglas County; that in his absence one of the two cases ahead of the plaintiff's was settled, and the trial judge called the other case and the present case for the purpose of striking a jury; no one being present to answer the call for the plaintiff, the trial judge dismissed the case.

1. The dismissal of this case in the trial court was authorized by Rule 41 of the Rules of the Superior Court. Code Ann. § 24-3341.

2. The mere fact that the plaintiff's counsel did not know exactly when his case would be called, was not ground for a new trial. Neither was the fact that counsel was trying a case in another court, although that might have been ground for a continuance. The record shows, however, that counsel notified neither the court clerk, the judge, nor opposing counsel that he was to be in another court, nor moved for a continuance on that ground. In spite of counsel's status as a sole practitioner, having no other attorneys to appear before the court for him, it is not shown that he could not have personally moved for a continuance or obtained an excuse from appearing by means of his secretary, as he did upon the earlier occasion. He acted at his own peril in attempting to either contact the judge or obtain information about the calendar by means of a third person.

The record in the present case supports the dismissal under the applicable statutes. See generally Code §§ 70-208, 81-1412, 81-1413, 81-1416; *Carver v. Cranford,* 122 Ga. App. 100 (176 SE2d 272) (1970); *Southern Arizona School for Boys v. Morris,* 123 Ga. App. 67 (179 SE2d 548) (1970); *Chappelaer v. General GMC Trucks, Inc.,* 130 Ga. App. 664 (2) (204 SE2d 326) (1974); *Newman v. Greer,* 131 Ga. App. 128, 132 (205 SE2d 486) (1974), and cits. *Delk v. State,* 100 Ga. 61 (27 SE 152) (1896), cited to us by the appellant, is distinguishable, being a criminal case in which there was a good-faith request for postponement.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED DECEMBER 2, 1976.

*Joe L. Anderson,* for appellant.

*Tisinger, Tisinger & Vance, Thomas E. Greer,* for appellees.