## 57743. ATLANTA WEST ENTERPRISES, INC. et al. v. COBB COUNTY BANK.

BIRDSONG, Judge.

Plaintiff sought an order of confirmation of the sale of certain real estate pursuant to a foreclosure under powers contained in a security deed. The trial court after hearing evidence entered an order of confirmation and the defendants have appealed. *Held:*

1. This case, since its inception, had been set and reset for hearing in the Paulding County Superior Court on numerous occasions. It was scheduled again for hearing on December 4, 1978 at 10 a.m. At about 8:30 a.m. on December 4, 1978, counsel for defendants telephonically advised and requested the clerk of the trial court to inform the court that counsel was required to answer a jury trial calendar call at 9:30 a.m. on this date in the Fulton County Superior Court; and that counsel would appear in the trial court as soon as possible. The clerk so advised the trial court. Defendants and counsel for defendants failed to appear when the instant case was called for hearing. Evidence was then heard and the order confirming the sale was entered. Defendants enumerate as error the trial court's proceeding with the case in the absence of defendants and their counsel.

Counsel for defendants did not personally contact the trial judge. Where counsel attempts to relay information to a trial judge through a third person, he does so at his peril and at the peril of his client. *Carver v. Cranford,* 122 Ga. App. 100 (176 SE2d 272). Counsel did not seek a continuance. While these circumstances may have supported an application for continuance, a continuance because of the absence of counsel is not favored.

*McLendon v. State,* 123 Ga. App. 290 (2) (180 SE2d 567). Where this occurs, a showing of compliance with Code § 81-1413 is required plus a showing of diligence under Code § 81-1416. *Carver v. Cranford,* supra. These factors are absent here. From the facts of this case, it cannot be held that the trial judge abused his discretion in proceeding in the absence of the defendants and their counsel.

2. Defendants' second enumeration states: "The trial court erred in entering its 'order of confirmation' in the absence of appellant due to an appearance in another court without ruling on all pending motions of appellant." Defendants in their brief in support of this claim of error have stated what occured at trial and then have merely contended that this was erroneous without any citation of authority or argument. This constitutes an abandonment of the enumeration. *O'Kelley v. Hayes,* 132 Ga. App. 134 (207 SE2d 641).

3. Defendants' last enumeration is that the evidence was insufficient to sustain the order confirming the sale. The trial court found as a fact that the sale was properly advertised; that the sale was properly conducted; and that the property was sold for its true market value on the date of the sale. With reference to the finding concerning the advertisement, defendants make the contention that the advertisement of the sale must have been placed in the legal organ of Paulding County, Georgia, which was the location of the property. The evidence at the hearing shows that the sale under power was advertised in the Dallas New Era which was published in Dallas, Paulding County, Georgia. There was no proof that this publication was the official organ for publication of legal notices in that area. Nonetheless, it was not required as the security deed authorized an advertisement of the sale "in a newspaper published in the County where the land lies. . ." *Rooks v. Citizens Bank of Colquitt,* 176 Ga. 896 (169 SE 106). The evidence otherwise authorized the findings of fact and the order of confirmation.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Argued May 9, 1979 — Decided June 19, 1979 —

REHEARING DENIED JULY 6, 1979 —

*Harold A. Lane,* for appellants.
*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellee.