### 61596. SWISH MANUFACTURING SOUTHEAST, INC. v. WILKIE.

QUILLIAN, Chief Judge.

The principal issue raised by this appeal is whether the trial judge correctly denied the defendant's motion to set aside a judgment entered in favor of the plaintiff.

In making his determination the trial judge found the following facts: the "action was brought in the Small Claims Court of Harris County and the Plaintiff, James M. Wilke [sic], was given a judgment against the defendant, Swish Manufacturing Southeast, Inc. by default on the grounds that the defendant failed to file an answer within the time allowed by law;

"Further that the defendant filed a De Novo appeal to the Harris Superior Court in said matter, and that the attorney for the defendant was notified by attorney for the plaintiff, Roy D. Moultrie, that the case would be placed on the September trial calendar in the Harris Superior Court;

"Further that the attorney for the defendant, C. Lawrence Thompson, was further notified that the appeal was set for trial in Harris Superior Court for the week of October 13, 1980, and further that the attorney for the defendant called the Clerk of Superior Court by telephone to ask that the case be placed on hold, however, said attorney for defendant did not request or receive from the court a leave of absence;

"Further that said case was called for trial by the court in its regular turn and neither the defendant nor the attorney for the

defendant answered and the plaintiff proceeded to make proof before jury and the jury awarded the plaintiff the sum of $3,804.60, and the court entered judgment thereon on the 23rd day of October, 1980." *Held:*

1. The trial judge's findings are not unsustainable as a matter of law.

In *Grindle v. Eubanks,* 152 Ga. App. 58, 59, 60 (262 SE2d 235) counsel for defendants attempted to contact plaintiff's counsel regarding a continuance, and when unable to do so, "they called the judge's office and announced to the judge's secretary that the case was not ready for trial, feeling sure that it was agreeable with opposing counsel that the case be continued." This was followed by a letter to opposing counsel. After which the defendant's counsel contended they received no further notice either from counsel, the clerk or the judge that the case was set for trial. Counsel did admit that they previously had notice that the case was on the calendar. This court held that the trial court did not err in calling the case for trial. Our decision pointed out: "the general rule is that a party or his counsel is chargeable 'with notice that his case, when ripe for trial, may be called for trial at any time during a term of court and even out of its regular order on the docket, in the court's discretion' provided it is placed on a calendar duly prepared and notice given of same."

The trial judge's decision was authorized by the facts related. See *Atlanta West &c. Inc. v. Cobb &c. Bank,* 150 Ga. App. 577 (1) (258 SE2d 193); *Carver v. Cranford,* 122 Ga. App. 100 (1) (176 SE2d 272).

2. We find nonmeritorious the defendant's enumerations of error addressed to lack of evidence to sustain the jury's findings at the trial. The burden is upon the appellant to demonstrate error affirmatively from the record. *Baldwin v. Grimes,* 219 Ga. 68 (131 SE2d 563) and cases therein cited. In the absence of a transcript, it is presumed the evidence was sufficient to support the judgment. *Derrickson v. Kristal,* 148 Ga. App. 320 (1) (251 SE2d 170).

3. Since Code Ann. § 57-108 (Ga. L. 1845, Cobb; 1980) imposes interest "upon the principal amount recovered," direction is given that the trial court's judgment reflect that plaintiff recovered $2,804.00 principal and $1,000 attorney fees. Code § 110-105; Code § 6-1610.

4. The plaintiff's motion to award damages for a frivolous appeal is denied.

*Judgment affirmed with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 9, 1981.

*C. Lawrence Thompson,* for appellant.
*Lee S. Goldstein, David I. Funk,* for appellee.