68088. SOUTHEAST GRADING, INC. v. GRISSOM-HARRISON CORPORATION.

BENHAM, Judge.

Appellant was named as garnishee in a summons of garnishment issued after appellee Grissom-Harrison Corporation procured a judgment against Tony E. Reeves d/b/a Reeves Drilling & Blasting Company. Pursuant to OCGA § 18-4-82, appellant filed an answer in which it stated that while it owed Reeves Drilling $27,729.20, it had received from other Reeves creditors "legal letters on liens" totaling $47,150.85, which had caused appellant to release to those creditors the funds it owed Reeves. No funds accompanied appellant's answer. See OCGA § 18-4-84. Appellee timely filed a traverse of appellant's answer, and a hearing, at which a representative of appellant appeared without counsel, followed.

After reviewing the pleadings and hearing argument from counsel for appellee and appellant's representative, the trial court found that appellant's answer acknowledged a debt to Reeves but failed to state a legally sufficient reason for not paying any amount into the court. The trial court granted appellee's traverse of appellant's answer, and judgment against appellant in the amount of $19,430.10 was ordered. Appellant subsequently obtained counsel, who filed a verified motion for new trial or a motion to set aside judgment. This appeal followed the trial court's denial of those motions.

1. In its first enumerated error, appellant contends that the trial

court erred in denying appellant's motion to set aside the judgment instead of treating it as a motion to reduce the amount of the judgment. See OCGA § 18-4-91. However, OCGA § 18-4-91 comes into play only after a garnishee fails or refuses to file a timely answer to the summons of garnishment and a default judgment is subsequently entered against the garnishee. See OCGA §§ 18-4-90; 18-4-91. That is not the factual situation in the case at bar. Here, appellant filed a timely answer which was traversed by appellee, and a hearing was held pursuant to OCGA § 18-4-88. Judgment was subsequently entered against the garnishee after the trial court ruled that appellant's answer was legally insufficient. See OCGA § 18-4-92. Contrary to appellant's assertions, a default judgment was not entered. Thus, the trial court did not err in failing to treat appellant's motion to set aside as a motion filed pursuant to OCGA § 18-4-91.

2. Appellant also argues that the trial court should have granted its motion for new trial because the judgment was "contrary to evidence and the principles of justice and equity." OCGA § 5-5-20. We find nonmeritorious appellant's enumeration of error addressed to lack of evidence to sustain the judgment. "The burden is upon the appellant to demonstrate error affirmatively from the record. [Cit.] In the absence of a transcript, it is presumed the evidence was sufficient to support the judgment. [Cit.]" *Swish Mfg. Southeast v. Wilkie*, 158 Ga. App. 275 (2) (279 SE2d 724) (1981). Thus, we cannot say it was error to deny the motion for new trial based on OCGA § 5-5-20.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1984.

*Hubert J. Bell, Jr., Ronald G. Robey,* for appellant.
*Kirk W. Keene,* for appellee.