## 73474. GEORGIA HOSPITALITY & TRAVEL ASSOCIATION, INC. v. HARRISON ADVERTISING, INC.

(351 SE2d 489)

BANKE, Chief Judge.

The appellee sued the appellant to collect an alleged account indebtedness owed by the appellant for the design and publication of an advertising brochure which the appellee had prepared pursuant to an oral contract. Following a non-jury trial, the judge found that the account in question was a commercial account within the meaning of OCGA § 7-4-16 and that it had been due and payable since May 31, 1983. In addition to entering judgment for the appellee for the principal sum due, the court also ruled that the appellee was entitled to pre-judgment interest from the due date until the date of trial. The appellant's sole contention on appeal is that the claim was actually based on quantum meruit and that therefore the award of pre-judgment interest may not stand. *Held*:

The appellant is correct in his assertion that, although pre-judgment interest may be recovered in a suit to collect a contractual indebtedness, it may not be awarded where the recovery is based upon quantum meruit. See *Steinemann v. Vaughn & Co.*, 169 Ga. App. 573 (1) (313 SE2d 701) (1984). However, the trial court expressly found that an oral contract formed the basis for the recovery in this case. There being no transcript of the evidence introduced at trial, we have no basis for concluding that this finding was erroneous. "The burden is upon the appellant to demonstrate error affirmatively from the record. [Cit.] In the absence of a transcript, it is presumed the evidence was sufficient to support the judgment." *Southeast Grading v. Grissom-Harrison Corp.*, 171 Ga. App. 298 (2) (319 SE2d 121) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 21, 1986 —
REHEARING DENIED DECEMBER 5, 1986.

*John D. Marshall*, for appellant.
*William H. Norton*, for appellee.