## S04F1469. WITHROW v. WITHROW.
### (603 SE2d 276)

CARLEY, Justice.

Ronald Howard Withrow (Husband) brought this divorce action against Alta Lynn Withrow (Wife). The final hearing was scheduled for the morning of December 10, 2003. On November 19, Husband's attorney, acting pursuant to Uniform Superior Court Rule 17.1, filed a notice of conflicts which indicated that the hearing in this case should take precedence over other legal matters he was handling. There was no objection from opposing counsel or the courts affected. However, Husband's lawyer subsequently called the trial judge's office to ask that the case be taken off the calendar, and advised Husband on December 9 that it was being re-set due to conflicts. When neither Husband nor his attorney appeared for trial, court personnel left a message for counsel instructing him to appear. The final hearing was held in the afternoon, and Husband's lawyer did not arrive until it was over. The trial court entered a final judgment and decree of divorce. Husband subsequently filed a motion for new trial alleging good cause for the non-appearance, which the trial court denied. We granted Husband's application for discretionary appeal pursuant to this Court's Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. Husband's lawyer was not authorized to postpone or reschedule the final hearing in this case due to a conflict with any other proceeding. The filing of the notice of conflicts and the prioritization of cases in a prescribed manner are mandatory under Rule 17.1. "Trial counsel has no discretion in determining the order in which the cases are to be tried. The order of the cases to be tried can be changed only by agreement by the judges on the affected courts." *Fisher v. State*, 273 Ga. 721, 722 (545 SE2d 895) (2001). The trial judge clearly did not agree to a change in the order of the conflicting cases. Indeed, Husband's attorney did not personally communicate with the trial judge. "Where counsel attempts to relay information to a trial judge through a third person, he does so at his peril and at the peril of his client. [Cit.]" *Atlanta West Enterprises v. Cobb County Bank*, 150 Ga. App. 577 (1) (258 SE2d 193) (1979). See also *Swish Mfg. Southeast v. Wilkie*, 158 Ga. App. 275, 276 (1) (279 SE2d 724) (1981).

Counsel never moved for a continuance due to the conflicts, a need for further discovery, or on any other basis. *SurgiJet v. Hicks*,

236 Ga. App. 80, 82 (4) (511 SE2d 194) (1999); *Atlanta West Enterprises v. Cobb County Bank*, supra. Moreover, "[t]he absence of a [party's] counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. [Cit.]" *Davis v. Barnes*, 158 Ga. App. 89, 90 (279 SE2d 330) (1981). See also *Cotton States Life Ins. Co. v. Edwards*, 74 Ga. 220 (1) (1884); *Lewis v. Dairyland Ins. Co.*, 169 Ga. App. 265 (1) (312 SE2d 165) (1983). Although a continuance was not requested in this case, the trial court did postpone the case until the afternoon, and we find no abuse of discretion in the trial court's refusal to delay the commencement of trial any further. *Davis v. Barnes*, supra.

Husband argues that conducting the trial in his absence is analogous to the entry of a default judgment, which is forbidden in divorce cases. However, the procedural right of a spouse in a suit for divorce to defend without filing an answer cannot be used to excuse the disregard of other procedural rules, including those governing conflicts and continuances, which are essential for the proper and efficient functioning of trial courts in this state. See *Trulove v. Trulove*, 233 Ga. 896, 898 (213 SE2d 868) (1975).

Husband also argues that he was not at fault, but had a legal excuse for his absence because his attorney advised him that the case was being reset. However, the right to effective assistance of counsel does not extend to the parties to a divorce case. *Mathes v. Mathes*, 267 Ga. 845 (483 SE2d 573) (1997). Thus, counsel's failure to inform Husband of the correct trial date may possibly give him a claim against his lawyer personally, but it does not, by itself, constitute a ground for new trial. See *Mathes v. Mathes*, supra.

2. Wife's motion for damages for frivolous appeal, pursuant to OCGA § 5-6-6, is denied. See *Warnock v. Davis*, 267 Ga. 336 (2) (478 SE2d 124) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004 —
RECONSIDERATION DENIED OCTOBER 25, 2004.

*Kenneth J. Rajotte*, for appellant.
*Jennifer McLeod*, for appellee.